**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GREEN TREE SERVICING, LLC | CIVIL ACTION NO. 07-2132 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DONALD RICHARD HARRISON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an appeal filed pursuant to 28 U.S.C. § 158(a) by Green Tree Servicing, LLC ("Green Tree") from an order of the United States Bankruptcy Court for the Western District of Louisiana. See Record Document 1. The order, which was entered on September 26, 2007, overruled Green Tree's objection to the confirmation of Donald Richard Harrison ("Harrison")'s Chapter 13 bankruptcy plan. Green Tree timely appealed the order. See Record Document 1.

Based on the following, the bankruptcy court's order of September 26, 2007, which overruled Green Tree's objection to confirmation, is **AFFIRMED.**

**I. BACKGROUND**

The following facts are not in dispute. See Appellant's Br. at 3; Appellee's Br. at 4. Green Tree holds a security interest in a 1005 Southern Prestige mobile home, Serial Number SSLAL20560, bearing Green Tree Account Number XXXX8433 ("the mobile home"). On February 14, 2000, Harrison purchased the mobile home for $84,620.00 and entered into a Retail Installment Contract with Bossier Mobile Homes, Inc. The contract required Harrison to make 240 payments of $360.00 per month. In connection with the sale, a Louisiana Certificate of Title reflecting a lien on the mobile home issued in favor of Green Point Credit, LLC. In a later transaction, the lien was assigned to Green Tree

Financial Services Corp.

Harrison filed for bankruptcy in this Court on May 31, 2007, and Green Tree filed a secured proof of claim in Harrison's bankruptcy case in the amount of $23,705.00, corresponding to its lien on the mobile home. Harrison's Chapter 13 Plan ("the Plan") listed the mobile home as his principal residence, and listed Green Tree's lien as a secured claim. Harrison's Plan proposed to cram-down[1] the value of Green Tree's claim from the amount of $23,705.30 to $12,000.00, payable at 10.5% interest over 60 months.

Harrison does not own the land upon which the mobile home rests, and the home has not been immobilized under Louisiana law.[2] Green Tree's security interest is only in

---

[1] A debtor in bankruptcy may modify the contractual rights of a secured creditor by "cramming down" the secured value of the creditor's claim to the fair market value of the collateral securing the claim. See 11 U.S.C. § 506(a)(1).

[2] Louisiana law provides that a mobile home may become immobilized after the following recording procedure is implemented in connection with a sale or mortgage:

> A manufactured home placed upon a lot or tract of land shall be an immovable when there is recorded in the appropriate conveyance or mortgage records of the parish where the said lot or tract of land is situated an authentic act or a validly executed and acknowledged sale or mortgage or sale with mortgage which contains a description of the manufactured home as described in the certificate of title or manufacturer's certificate of origin and a description of the lot or tract of land upon which the manufactured home is placed, and contains a declaration by the owner of the manufactured home and, when applicable, the holder of a mortgage or security interest under Chapter 9 of the Louisiana Commercial Laws on the manufactured home, that it shall remain permanently attached to the lot or tract of land described in the instrument.

La. Rev. Stat. Ann. § 9:1149.4.A (2008). Appellee maintains, and Appellant concedes, that Appellee's mobile home has not been immobilized. See Appellee's Br. at 8; Appellant's Br. at 3.

the mobile home, and not in the land upon which the home rests.

Green Tree filed an objection to the Plan on July 23, 2007, arguing that 11 U.S.C. § 1322(b)(2) prevented Harrison from cramming down Green Tree's claim because the mobile home was defined under 11 U.S.C. § 101(13A) as "the debtor's principal residence." The parties submitted briefing on the question and a hearing was held on July 31, 2007. On September 11, 2007, Bankruptcy Judge Stephen V. Callaway issued an oral ruling overruling Green Tree's objection. Green Tree filed a timely Notice of Appeal on October 4, 2007. See Fed. R. Bankr. P. 8002(a). The appeal was docketed in this Court on December 4, 2007.

## II. LAW AND ANALYSIS

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over Green Tree's appeal from the bankruptcy court's order pursuant to 28 U.S.C. § 158(a). In reviewing a decision of the bankruptcy court regarding a "core proceeding",[3] this Court functions as an appellate court and applies the standards of review generally applied in a federal court of appeals. See Matter of Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Conclusions of law are reviewed *de novo*. See Matter of Herby's Foods, Inc., 2 F.3d 128, 131 (5th Cir. 1993). Findings of fact are not to be set aide unless clearly erroneous. See id. at 130-31.

---

[3] The matter at hand is a "core proceeding," which means that it is a proceeding that "invokes a substantive right provided by Title 11 [of] the Bankruptcy Code or is a proceeding that by its nature could arise only in the context of a bankruptcy case." Matter of Webb, 954 F.2d 1102, 1104, n. 1 (5th Cir. 1992) (internal citation and quotation marks omitted). In particular, "[d]eterminations of the validity, extent, or priority of liens, are core proceedings that a bankruptcy judge may hear and determine." Matter of Webb, 954 F.2d at 1104, n. 1 (citing 28 U.S.C. § 157(b)(2)(K)).

**B.     Issue on Appeal**

As alluded to above, Bankruptcy law permits a debtor to modify the contractual rights of a secured creditor by "cramming down" the secured value of the creditor's claim to the fair market value of the collateral securing the claim. See 11 U.S.C. § 506(a)(1).

There is an exception to the cram-down right, however, and the exception is commonly known as the an anti-modification provision. The anti-modification provision states that a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the *debtor's principal residence*[.]" Id. at § 1322(b)(2) (emphasis added).

Before 2005, when the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was enacted, the phrase "debtor's principal residence" was undefined. BAPCPA supplied a definition for the phrase. That definition, codified at 11 U.S.C. § 101(13A) (A) reads "a residential structure, including incidental property, without regard to whether that structure is attached to real property." Id. The definition "includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer." Id. § 101(13A)(B).

Because "debtor's principal residence" was previously undefined by statute, the enactment of § 101(13A)(A) prompted Green Tree to raise the issue of whether the definition extends the anti-modification provision of § 1322(b)(2) to claims where the structure is the debtor's principal residence but not real property.

In its appellate brief, Green Tree presents multiple arguments in support of this single issue, namely, whether 11 U.S.C. § 1322(b)(2) should be applied to prevent Harrison from cramming down Green Tree's secured interest in the mobile home. Green Tree argues that

because Congress defined "debtor's principal residence" in § 101(13A) to include manufactured homes, all mobile and manufactured homes, regardless of their state law classification as real or personal property, are protected by the anti-modification provision of § 1322(b)(2). Appellee's Br. at 6.

Because this question is solely legal in nature, review on appeal is *de novo*. See Matter of Herby's Foods, Inc., 2 F.3d at 131. This Court now joins a majority[4] of courts

---

[4] See Green Tree Servicing, LLC v. Coleman (*In re* Coleman), 392 B.R. 767 (8th Cir. BAP 2008); Davis v. Green Tree Servicing, LLC. (*In re* Davis), 386 B.R. 182 (6th Cir. BAP 2008); Fells v. Green Tree Servicing, LLC (*In re* Fells), No. 07-2039, 2008 WL 4276075 (W.D. La. Aug. 12, 2008); Shepherd v. EMC Mortgage Corp. (*In re* Shepherd), 381 B.R. 675 (E.D. Tenn. 2008); *In re* Lara, No. 07-60188, 2008 WL 2873367 (Bankr. S.D. Tex. Apr. 8, 2008); Kinder v. Vanderbilt Mortgage and Fin., No. 07-564, 2008 WL 2230694 (S.D. Ohio May 28, 2008); Williamson v. Wash. Mut. Home Loans, Inc. (*In re* Williamson), 387 B.R. 914 (Bankr. M.D. Ga. 2008); *In re* Gearheart, No. 07-70232, 2007 WL 4463342 (Bankr. E.D. Ky. Dec. 14, 2007); *In re* Logan, No. 07-70212, 2007 WL 4414784 (Bankr. E.D. Ky. Dec. 14, 2007); *In re* Fuller, No. 07-81703, 2007 WL 3244113 (Bankr. M.D.N.C. Nov. 2, 2007); *In re* Oliveira, 378 B.R. 789 (Bankr. E.D. Tex. 2007); Herrin v. Green Tree-AL, LLC, 376 B.R. 316 (Bankr. S.D. Ala.2007), *aff'g In re Herrin*, No. 06-12249-WSS-13, 2007 WL 1975573 (Bankr. S.D. Ala. July 3, 2007); *In re* Bartolome, No. 07-10731-DHW, 2007 WL 2774467 (Bankr. M.D. Ala. Sept. 21, 2007); *In re* McLain, 376 B.R. 492 (Bankr. D.S.C. 2007); *In re* Manning, No. BK 07-70190-CMS-13, 2007 WL 2220454 (Bankr. N.D. Ala. Aug. 2, 2007); *In re* Cox, No. 07-60073, 2007 WL 1888186 (Bankr. S. D. Tex. June 29, 2007); but see *In re* Lunger, 370 B.R. 649, 651 (Bankr. M.D. Pa. 2007) (holding that "since Congress chose to define all "incidental property" as included in the "debtor's personal residence" and all residences as being included in the term "real property," Congress has effectively broadened the definition of real property for the purposes of implementing § 1322(b)(2)); *In re* Shepherd, 354 B.R. 505, 511 (Bankr. E.D. Tenn. 2006) (holding that §101(13A) and § 1322(b)(2) cannot be reconciled, and, considering legislative history, the anti-modification provision of 1322(b)(2) must now be applied to the claims of a creditor holding a security interest in the debtor's residential structure, including a . . . mobile home, irrespective of whether it is attached to real property), *rev'd* Shepherd v. EMC Mortgage Corp., 381 B.R. 675 (E.D. 2008); *In re* Davis, 373 B.R. 46, 48 (Bankr. S.D. Ohio 2007) (same), *rev'd* Davis v. Green Tree Servicing, LLC. (*In re* Davis), 386 B.R. 182; *In re* Fells, No. 07-80559, 2007 WL 3120113 (Bankr. W.D.La. Oct. 23, 2007) (a lien on a mobile home that constitutes the debtor's principal residence as defined in 11 U.S.C. § 101(13A) is not subject to modification under 11 U.S.C. § 1322(b)(2) ), *rev'd* Fells v. Green Tree Servicing, LLC, No. 07-2039, 2008 WL 4276075.

holding that § 1322(b)(2) is unambiguous and does not prohibit modification of a creditor's interest in a manufactured home when the mobile home is not considered real property under state law.

### 1. Section 101(13A) and its Effect on 11 U.S.C. § 1322(b)(2)

This court must first consider the plain language of the statute. When "the statute's language is plain, the sole function of the courts is to enforce it according to its terms." United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989). As noted above, the section at issue, 11 U.S.C. § 1322(b)(2), provides that a debtor may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence[.]" Section 101(13A) defines "debtor's principal residence" as "a residential structure, including incidental property, without regard to whether that structure is attached to real property," including specifically mobile and manufactured homes.

Green Tree argues that "[a] correct reading of the two statutes together leads to the interpretation that a debtor's plan may not modify a claim secured only by an interest in real property that is the debtor's principal residence[,] without regard to whether the debtor's principal residence is attached to real property." Appellant's Br. at 6. Put another way, "[a] plan may not modify the claim of a creditor when secured by real property, and it also may not modify a claim in a mobile [or . . .] manufactured home . . . in which the debtor resides regardless of whether the residence . . . is attached to real property." Id. According to Appellants, "[b]y defining debtor's principal residence in 11 U.S.C. § 101(13A)[,] the requirement that a mobile home be attached to real property was dispensed with [*sic*]." Id.

This Court (and the vast majority of other courts who have addressed the question) disagree. Section 1322(b)(2)'s requirements are conjunctive: in order to fall within the anti-modification exception, the collateral must be both real property and the debtor's principal residence. As one court observed,

> t]he phrase 'that is the debtor's principal residence' modifies 'real property,' not the other way around. One turns grammar on its head if one treats redefinition of a limiting dependent phrase as totally eliminating the words to which it is dependent. What the sentence [in § 1332] says is that a plan may modify claims that are secured by real property that is the debtor's principal residence. Even though 'debtor's principal residence' may include personalty, the reference to 'debtor's principal residence' is a limiting clause. Expanding or contracting the limiting clause does not eliminate the words that it limits.

*In re* Lara, No. 07-60188, 2008 WL 2873367 (Bankr. S.D. Tex. Apr. 8, 2008). Another court observed that the rule Green Tree urges "ironically serves to judicially write out the term real property from § 1322(b)(2). If Congress had intended to remove the real property requirement, it could have deleted the words from the statute. This court is bound to give effect to all words in the statute." *In re* Bartolome No. 07-10731-DHW, 2007 WL 2774467 at *2 (Bankr. M.D. Ala. Sept. 21, 2007).

**2. Louisiana Law**

Although § 101(13A) provides that a mobile home can constitute a "debtor's principle residence," state law determines whether a mobile home constitutes real property. That is, a "mobile home may qualify as the 'debtor's principal residence' under federal law without also qualifying as 'real property' under state law." See In re Moss, 2007 WL 1076688, *2 (Bankr.S.D.Ala. April 4, 2007).

Louisiana law provides a recording procedure whereby a mobile home may be

immobilized. See La. Rev. Stat. Ann. § 9:1149.4.A (2008), quoted supra note 2. Unless a mobile home has been immobilized or installed by law on real property, it is classified under Louisiana law as movable property rather than real property:

> Except as otherwise provided in R.S. 9:1149.4, when any manufactured home shall be moved to and located in or upon any immovable property, or installed therein or thereon in a manner which, under any law, might make the manufactured home an immovable or component part thereof, the manufactured home shall be and will remain a movable subject to the provisions of Chapter 4 of Title 32 of the Louisiana Revised Statutes of 1950 governing its mortgage or sale and subject to the provisions of Chapter 9 of Title 10 of the Louisiana Revised Statutes and Chapter 10 of Title 6 of the Louisiana Revised Statutes of 1950 and Code Book III, Code Title XII, Chapter 2 of Title 9 of the Louisiana Revised Statutes of 1950 governing its financing. Title to the vehicle shall not pass by the sale of the immovable property to which it has been actually or fictitiously attached, whether such sale be conventional or judicial. No sale or mortgage of or lien upon the immovable property shall in any manner affect or impair the rank or privilege of a chattel mortgage or security interest under Chapter 9 of the Louisiana Commercial Laws on such manufactured home, or the remedies of the holder thereof for its enforcement.

The parties agree that the mobile home has not been immobilized. See Appellee's Br. at 8; Appellant's Br. at 3. Accordingly, the mobile home at issue is classed as movable, rather than real, property under Louisiana law. Because Green Tree's security interest is in the mobile home only, and not in the land upon which the mobile home rests, it does not fall within the anti-modification provision of § 1322(b)(2)

### 3. Legislative History

The plain language of the statute, applied to the claim and interest before us, is clear an unambiguous. Therefore, there is no need to look beyond the statute's text. See Ron

Pair Enter., Inc., 489 U.S. at 241.

### III. CONCLUSION

For the reasons stated above, the bankruptcy court's order of September 26, 2007, which overruled Green Tree's objection to confirmation, is **AFFIRMED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 12th day of January, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE